UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, ) Case No. 3:17-CR-00178-RGJ
)
Plaintiff, )
)
v. )
)
ANDREW PAUL SCHMIDT, )
) October 4, 2018
Defendant. ) Louisville, Kentucky

* * * * *

TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE HONORABLE REBECCA GRADY JENNINGS
UNITED STATES DISTRICT JUDGE

* * * * *

APPEARANCES:

For United States: Joshua D. Judd
U.S. Attorney's Office
717 West Broadway
Louisville, KY 40202

Greta L. Mattessich
U.S. Attorney's Office
Building 1310
50th Third Avenue, Suite 229
Fort Knox, KY 40121

For Defendant: Donald J. Meier
Western Kentucky Federal Community Defender, Inc.
629 S. 4th Avenue, Suite 200
Louisville, KY 40202

[Defendant present.]

Dena Legg, RDR, CRR, CCR-KY
Official Court Reporter
232 U.S. Courthouse
Louisville, KY 40202
(502) 625-3778

Proceedings recorded by mechanical stenography, transcript produced by computer.

(Begin proceedings in open court at 2:11 p.m.)

THE COURT: Good afternoon, everyone. Sorry about the late start. Apparently we're stealing -- we're stealing attorneys from other courtrooms. We're getting -- we're doing what we can today.

All right. So we are going to go on the record in 3:17-CR-178, United States of America versus Schmidt. Can I have appearances for the record.

MS. MATTESSICH: Your Honor, Greta Mattessich for the United States Government, Special Assistant United States Attorney. My co-counsel, Josh Judd, Assistant United States Attorney.

THE COURT: All right.

MR. MEIER: And Don Meier for Mr. Schmidt, who is present, Judge.

THE COURT: Okay. Good afternoon, sir.

All right. It's my understanding that we are here today for a plea to Counts 1 through 16 of the superseding indictment. Is that correct?

MS. MATTESSICH: Yes, Your Honor.

THE COURT: Okay. And my understanding is that this is not -- there's no plea agreement; correct?

MR. MEIER: That's correct, Judge.

THE COURT: All right. And to the United States, do we have any victims in this case?

MS. MATTESSICH: We do, Your Honor, a five-year-old child victim.

THE COURT: Okay. And has notice been given under 3771(a)?

MS. MATTESSICH: Yes, Your Honor.

THE COURT: Okay. Are there any other preliminary issues that we need to take up today before we get started with the plea?

MR. MEIER: Not that I'm aware of, Judge.

MS. MATTESSICH: No, Your Honor.

THE COURT: Okay. All right. Mr. Schmidt, you're here represented today by counsel. That's correct?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And that's Mr. Meier, who's standing next to you. Is it your intention to plead guilty here today to Counts 1 through 16 of the superseding indictment?

THE DEFENDANT: Correct.

THE COURT: Okay. All right. So, sir, before accepting your guilty plea, there are a number of questions that I have to ask you to ensure that your guilty plea is valid. I have to determine that you're competent to make the plea here today, that your plea is being made freely and voluntarily, and that you understand the charges against you, as well as the potential penalties for those charges, and that there's a factual basis for your plea.

So to do so, I'm going to ask you some questions. Some of those questions are going to be of a personal nature. Some will be questions about the rights that you'll have to give up or waive in order to plead guilty here today. Some questions will address the actual conduct at issue in the indictment.

So if at any point in time I ask you a question and you don't understand it or it's confusing to you, just ask me to repeat or rephrase the question. I'm happy to do so. But if you don't ask me to repeat or rephrase the question, I'm going to presume that you understood it and your answer is responsive. Is that fair?

THE DEFENDANT: Correct.

THE COURT: Okay. So, Mr. Schmidt, the first right that you have to waive is your right to remain silent. Do you understand that you have a Constitutional right to remain silent and not incriminate yourself?

THE DEFENDANT: Correct.

THE COURT: Okay. Do you wish to waive that right here today in order to answer my questions?

THE DEFENDANT: Yes.

THE COURT: Okay. Will the clerk please administer the oath.

DEPUTY CLERK: Yes, Your Honor.

Raise your right hand, please.

(Defendant sworn.)

THE COURT: Okay. So now you've sworn an oath to answer my questions truthfully and honestly. Do you understand that your answers to my questions are now subject to penalties of perjury or making a false statement if you do not answer them truthfully?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. So what is your full name, sir?

THE DEFENDANT: Andrew Paul Schmidt.

THE COURT: Okay. And where were you born?

THE DEFENDANT: Fawn Lake, Wisconsin.

THE COURT: And how far did you get in school?

THE DEFENDANT: Some college.

THE COURT: What did you study in college?

THE DEFENDANT: Criminal justice.

THE COURT: Okay. What type of work did you do most recently before your arrest?

THE DEFENDANT: I was a staff sergeant in the Army.

THE COURT: Okay. And how long had you been in the Army?

THE DEFENDANT: A little over 19 years.

THE COURT: Okay. All right. In what city did you most recently reside prior to your arrest?

THE DEFENDANT: Fort Knox, Kentucky.

THE COURT: Okay. And how old are you?

THE DEFENDANT: Just turned 40.

THE COURT: Okay. And are you under the influence of any alcohol or drugs here today?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. Do you take any medication on a regular basis or have you taken any today that would make it difficult for you to answer my questions truthfully or to understand what I'm saying here today?

THE DEFENDANT: Not that would present an issue.

THE COURT: Okay. Have you ever been treated for addiction to drugs or alcohol?

THE DEFENDANT: No.

THE COURT: Okay. And have you ever been diagnosed with a mental illness or disorder?

THE DEFENDANT: No.

THE COURT: Okay. Do you generally understand what's happening in the courtroom here today?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And you indicated you do take some medication, but nothing that would affect your ability to listen, understand, or answer my questions; correct?

THE DEFENDANT: Correct.

THE COURT: Okay. And, Mr. Meier, have you had any problems or difficulties communicating with your client throughout this process?

MR. MEIER: I have not.

THE COURT: Okay. And have you met and counseled with the defendant regarding the charges and believe that your client has understood your legal advice?

MR. MEIER: Yes, I believe so and we have met.

THE COURT: Okay. And do you have any reason to believe that your client is impaired in any way or question or doubt his competence to plead guilty here today?

MR. MEIER: I do not.

THE COURT: Okay. So, Mr. Schmidt, based on your answers and those of the attorney -- or those of your attorney, I'm going to find that you are competent to plead guilty to the charges against you in the superseding indictment here today.

And so now we're going to switch gears a little bit. We're going to talk about the essential rights that you'll be giving up by pleading guilty here today. I need to make sure that you understand your Constitutional rights and that you understand that you'll be waiving certain of these rights by pleading guilty. Okay?

So the first right we're going to talk about is your right to counsel. Do you understand that you have a right to assistance of counsel at every stage of the proceedings against you, and if you cannot afford one, one will be appointed to you?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Do you understand that you have the right to plead not guilty and the right to persist in that plea?

THE DEFENDANT: Yes.

THE COURT: Okay. And do you understand that you are under no obligation to plead guilty here today if you do not wish to do so?

THE DEFENDANT: Yes.

THE COURT: Okay. So next we're going to talk about your right to trial by jury. Do you understand that you have a right to a trial by jury, and that a plea of guilty constitutes a waiver of your right to a trial by jury, and that if the court accepts your guilty plea, there will be no further trial of any type in this case?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Do you understand that if there were a trial you would be presumed innocent and the United States would bear the burden of proving you guilty beyond a reasonable doubt before you could be convicted?

THE DEFENDANT: Yes.

THE COURT: Okay. Do you understand that by pleading guilty here today you will no longer be presumed innocent?

THE DEFENDANT: Correct.

THE COURT: Okay. Do you understand that you have the right to a speedy and public trial, and if there were a trial, any verdict would have to be a unanimous decision of 12 persons?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Do you understand that if you plead

guilty you're giving up that right?

THE DEFENDANT: Yes.

THE COURT: Okay. Also, if there was a trial, your attorney could vigorously represent you. Mr. Meier could cross-examine the witnesses offered by the United States, object to evidence offered by the United States, offer evidence on your behalf, compel witnesses on your behalf, and generally present your side of the case to the court and the jury.

THE DEFENDANT: Yes.

THE COURT: Okay. And do you understand that by pleading guilty there will be no trial and no opportunity for Mr. Meier to take those actions?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Do you understand that if there were a trial you would have the right to testify, if you chose to do so, but that no one could force you to testify at that trial?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Finally, do you understand that if you plead guilty here today you will also have to waive your right not to incriminate yourself, since I will ask you questions about what you did in order to satisfy myself that there's a factual basis for your guilty plea?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And, Mr. Meier, has your client

previously been convicted of a felony?

MR. MEIER: No, no, Your Honor.

THE COURT: Okay. So in addition, do you understand that if you plead guilty to a felony offense, that your -- and if your plea is accepted, you'll be ajudged guilty of that offense? Such adjudication may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And you are a citizen of the United States?

THE DEFENDANT: Correct.

THE COURT: And you are not a naturalized citizen; correct?

THE DEFENDANT: Correct.

THE COURT: Okay. Do you understand that if you're convicted for a sexual offense, you will likely -- that will likely result in substantial future restrictions on where you may live or work, with whom you may associate, and possible requirements of registration as a sex offender?

THE DEFENDANT: Yes.

THE COURT: Okay. Mr. Meier, have you discussed the waiver of these rights and these consequences with your client?

MR. MEIER: I have, Judge.

THE COURT: Okay. And you believe he understands them?

MR. MEIER: Yes.

THE COURT: Okay. All right. Mr. Meier, have you and your client received a copy of the superseding indictment?

MR. MEIER: We have.

THE COURT: Okay. And, Mr. Schmidt, have you had an opportunity to review the superseding indictment and discuss the case with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Do you feel you've had sufficient time to do so?

THE DEFENDANT: I do.

THE COURT: Okay. Are you satisfied with the advice and counsel that Mr. Meier has given you with regards to the superseding indictment?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. I'm now going to ask the United States to briefly describe the nature of the charges in the superseding indictment, the potential penalties that may apply, and whether forfeiture or restitution are issues in this case.

MS. MATTESSICH: Your Honor, Counts 1 through 5 are production of visual depictions of minors engaging in sexually explicit conduct by a parent or guardian. Counts 5 through 15 are transportation of child pornography, and Count 16 is

possession of child pornography.

Counts 1 through 5, which is production by a parent, carry a maximum of 30 years, for a total of 150 years. Counts 5 through 15, transportation of child pornography, carry a maximum of 20 years, for a total of 200 years, and Count 16, possession of child pornography, carries a maximum of 20 years. The accused faces a mandatory minimum of 15 years, a total $4 million fine, and a minimum of five years, up to life, of supervised release.

There are forfeitures in this case and the special assessment would be $100 times 16, which is $1,600.

THE COURT: Okay. All right. Is there any restitution?

MS. MATTESSICH: The Government is currently evaluating whether there is restitution and whether it is appropriate.

THE COURT: And what is the nature of the forfeiture?

MS. MATTESSICH: There were several electronics that were seized, Your Honor. I can list them specifically, if you'd like.

THE COURT: That's not necessary. I just want generally to understand that and make sure that Mr. Schmidt understands what that forfeiture is specifically.

And all of the electronics, those were part of the investigation search?

MS. MATTESSICH: Yes, Your Honor.

THE COURT: And those were seized during that time?

MS. MATTESSICH: Yes, Your Honor.

THE COURT: Okay. So those are already in the Government's possession; correct?

MS. MATTESSICH: Yes, Your Honor.

THE COURT: Okay. All right. Mr. Meier, has the United States properly described the charges and potential penalties?

MR. MEIER: Yes, Your Honor.

THE COURT: Okay. So, Mr. Schmidt, I just need to make sure that you understand those specific charges and the potential penalties. Do you understand that under the offenses for which you're charged, the court could sentence you to a maximum sentence on Counts 1 through -- let's see here -- let's see, 1 through 4, not more than 30 years each; on Counts 4 through 15, not more than 20; and on Count 16, not more than 20.

MR. MEIER: I think it's 1 through 5, Judge, is the 15-year minimums.

THE COURT: One through --

MR. JUDD: I made an error when I drafted the indictment, Your Honor, and it should be 1 through 5.

THE COURT: Okay. And I probably went off of the indictment in writing that.

Okay. Let's clarify again for the defendant. Counts 1 through 5, not more than 30.

MS. MATTESSICH: Yes, Your Honor.

THE COURT: Okay. Counts 5 through 15, not more than 20.

MS. MATTESSICH: Yes, Your Honor.

MR. MEIER: Six through 15.

MS. MATTESSICH: Six through 15.

THE COURT: Six through 15.

MS. MATTESSICH: Six through 15.

THE COURT: I will get that right in one second. And Count 16, not more than 20; correct?

MS. MATTESSICH: Yes, Your Honor.

THE COURT: Okay.

MR. MEIER: Yes.

THE COURT: And then the total fine is up to 250,000; is that correct?

MS. MATTESSICH: So 250,000 for each count.

THE COURT: Yes.

MS. MATTESSICH: So, yes, Your Honor.

THE COURT: Okay. So a total fine of 250,000 for each count. And it looks like the term of supervised release is --

MS. MATTESSICH: A minimum of five years up to life of supervised release.

THE COURT: Not more than life, correct --

MS. MATTESSICH: Yes, Your Honor.

THE COURT: -- is the language in there?

Okay. And then the special assessment is $100 per count, Mr. Schmidt, which would be $1,600 in this case. Do you understand that those are the potential penalties for the charges that are lodged against you?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And supervised release, Mr. Schmidt, means that a United States probation officer will oversee you for a period of time after you're released from incarceration and that you'll be subject to certain rules and conditions during that period.

Do you understand that if you violate those rules or conditions, that you might face additional imprisonment?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And, obviously, restitution is something that will still be determined at a later time by the United States, and certainly you'll have discussions with your counsel about that.

Do you understand though that forfeiture is being requested of the electronics that were seized by the United States during the investigation?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. All right. And is Mr. Schmidt presently on probation or parole from a conviction in any other court?

MR. MEIER: Not that I'm aware, no, ma'am.

THE COURT: Okay. All right. Mr. Meier, are you satisfied that your client understands the nature of the charges, the potential penalties, and the term of supervised release that might be required of him?

MR. MEIER: I am.

THE COURT: Okay. So, Mr. Schmidt, based on your responses and those of your counsel, I'm going to find that you've had an appropriate opportunity to review the charges against you in the superseding indictment and that you understand those charges and the potential penalties that they carry.

There's no written plea agreement to my understanding; correct?

MS. MATTESSICH: Correct, Your Honor.

THE COURT: All right. Has the prosecutor made any formal plea agreement offers?

MS. MATTESSICH: No, Your Honor.

THE COURT: Okay. So, Mr. Schmidt, do you understand that you are pleading guilty without any agreement with the United States as to your potential sentence?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Do you understand that this means that the United States is free to argue for any sentence that they contend is appropriate under the law at sentencing?

THE DEFENDANT: Yes, ma'am.

THE COURT: And your lawyer, obviously, will also be free to argue on your behalf?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Do you understand that if you receive a sentence that is more severe than you expect, you will still be bound by your guilty plea?

THE DEFENDANT: Correct.

THE COURT: And do you also understand that a mistake in your or your lawyer's calculations or predictions of what the guideline sentence or guideline range may be applicable to your case will not give you the right to withdraw your guilty plea?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And, Mr. Meier, have you discussed with your client what it means to plead without a plea agreement?

MR. MEIER: Yes, Judge.

THE COURT: And you believe he understands the consequences of that?

MR. MEIER: I believe so.

THE COURT: Okay.

MR. MEIER: We've discussed it and at this point it is both our beliefs that that's his best option at this point.

THE COURT: Okay. All right. So, Mr. Schmidt, next I need to ensure that your plea is voluntary. Has anyone threatened you, or threatened anyone close to you, or forced you

in any way to plead guilty here today?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. Is it your free choice to plead guilty here today?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have any promises been made to you to cause you to plea here today?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. So we're going to change gears for just a moment, Mr. Schmidt, and I'm going to talk to you about some of the factors that are taken into account in sentencing.

While the sentencing guidelines are not binding on the court, they are still considered a starting point for consideration of your sentence, so it's important for you to generally understand how they work.

They're based upon two primary factors: The offense level for the crime that's charged and any adjustments that may apply and then your personal criminal history. Those two factors are put together to determine what's called a guideline range, which the court will consider in sentencing you.

I find out about those factors and the guideline range from the presentence report, which is a report prepared by the probation officer who's been assigned to your case.

Do you understand that until that process takes place, it's impossible to know exactly what your guideline range may be?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. I'll also consider any maximum or minimum sentence that's set by Congress and applicable to this case, as well as sentencing factors set forth in the statute. Those include the nature and circumstances of the offense, the characteristics and history of you as an individual, the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public from further crimes, and to provide you with needed education or vocational training, medical care, or other corrective treatment in the most effective manner.

Have you talked to your attorney, Mr. Schmidt, about the factors that may be considered in determining your sentence?

THE DEFENDANT: I have, Your Honor.

THE COURT: Okay. Mr. Meier, are you satisfied that your client understands the role of the sentencing guidelines and the relevant statutes in determining his sentence?

MR. MEIER: Yes, Judge.

THE COURT: Okay. And, finally, Mr. Schmidt, do you understand that parole has been abolished in the federal system? And so if you're sentenced to a term of imprisonment, you will not be released on parole.

THE DEFENDANT: Yes, I am.

THE COURT: Okay. So, Mr. Schmidt, having now walked through with you all the rights that you have to waive in order

to plead guilty, all the potential penalties to the counts that you're pleading guilty to, and having walked through the factors that will be considered in your sentencing, do you still wish to proceed with entry of your guilty plea?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. So now at this point in time, I need to establish that there's a factual basis for your plea. Okay? So I'm going to ask the prosecutor to summarize what evidence the United States would produce at trial on each of the charges against you. I need you to listen carefully, because when she's completed, I will ask you whether or not you, in fact, did the things that the prosecutor is indicating that you did. Okay?

All right. Please proceed.

MS. MATTESSICH: Your Honor, on 4 December 2017, the accused, Mr. Schmidt, sent several photographs to an undercover FBI agent who was located in D.C. Schmidt himself was located on Fort Knox, which is in the exclusive federal jurisdiction of the United States.

The defendant was using the KiK user name "bwphotoguy" and he was responding to an ad in a chat room which was frequented by individuals who have a sexual interest in children in incest.

The KiK app is a free mobile application that permits users to send text message and other contents, like videos and images, and then chat about them as they're being viewed.

So the photos that were sent were photos that were taken of the accused's five-year-old daughter, multiple images of his daughter in a sexual pose and lascivious exhibition of her genitals and pubic area. The FBI alerted the Fort Knox MPs and CID and they went to arrest the accused.

On December 4th, the FBI arrested Schmidt at Fort Knox, Kentucky. He provided a Samsung Galaxy X7, and the accused's wife consented to a search of his home. The FBI obtained a search warrant for his phone.

On 4 December 2017, Schmidt was interviewed. He signed a waiver of his rights form. The interview was audio and video recorded. He admitted communicating with an individual on the KiK app and sending and taking photographs of his five-year-old daughter's vagina. He denied ever touching her genitalia in a sexual manner.

The FBI filed a search warrant to search the phone and other electronics, and the phone showed creation of images of child pornography with the daughter and also had evidence of transportation of several images. Additionally, the phone had images of child pornography that did not feature Schmidt's daughter.

For a specific factual basis for each count, the United States has prepared a document that lists out specifically what photograph each count is based upon. Permission to publish that document to the court, Your Honor.

THE COURT: Yes, ma'am.

Yeah, if you can sit in a position where you can see that --

MR. MEIER: We have had a chance to review it, Your Honor, but we'll just get to look at it again. We've reviewed it and have no objection.

THE COURT: Okay.

MS. MATTESSICH: Your Honor, we're not so technologically advanced at Fort Knox, so I've never used these Elmos.

THE COURT: That's okay. Even the people who come here every day can't use it, so it's okay.

MR. MEIER: Frankly, that worries me a little, Judge, but --

THE COURT: Okay. So I think the best manner to do this -- have you seen this document, Mr. Schmidt?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Do you admit that the factual basis -- and right now you're only looking at Counts 1 through 8, and there is 9 through 16. What I need to establish, sir, is that you did in fact do all of the things listed in here for each of the counts indicated to establish that there's a factual basis for your plea.

So is it in fact true that you did the things indicated by the prosecutor in her description, as well as those described in the -- what's the -- I'm sorry. Can you flip it back over for

me -- in the factual basis list provided by the prosecutor?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Is it your intent to enter a guilty plea to Counts 1 through 16 of the superseding indictment because you are in fact guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. I will find that there's a factual basis for your guilty plea here today, and we will include the factual basis in the record for clarification.

(Government Exhibit 1 admitted in evidence.)

THE COURT: Okay. Mr. Schmidt, you can go back to the podium now.

And I'm sorry. I didn't mean to cut you off. Did you have anything beyond this that you needed to state for the record?

MS. MATTESSICH: No, Your Honor.

THE COURT: Okay. Just wanted to make sure.

All right. So, Mr. Schmidt, so now having established a factual basis for your plea, I'm going to ask you to tell the court how you plead with respect to each of the counts against you. In the case United States versus Schmidt, Criminal Action Number 3:17-CR-178, how do you plead to Count 1 of the superseding indictment?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: And as to Count 2?

THE DEFENDANT: Guilty.

THE COURT: And as to Count 3?

THE DEFENDANT: Guilty.

THE COURT: And as to Count 4?

THE DEFENDANT: Guilty.

THE COURT: And as to Count 5?

THE DEFENDANT: Guilty.

THE COURT: And as to Count 6?

THE DEFENDANT: Guilty.

THE COURT: As to Count 7?

THE DEFENDANT: Guilty.

THE COURT: As to Count 8?

THE DEFENDANT: Guilty.

THE COURT: As to Count 9?

THE DEFENDANT: Guilty.

THE COURT: As to Count 10?

THE DEFENDANT: Guilty.

THE COURT: As to Count 11?

THE DEFENDANT: Guilty.

THE COURT: As to Count 12?

THE DEFENDANT: Guilty.

THE COURT: As to Count 13?

THE DEFENDANT: Guilty.

THE COURT: As to Count 14?

THE DEFENDANT: Guilty.

THE COURT: As to Count 15?

THE DEFENDANT: Guilty.

THE COURT: And as to Count 16?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: Okay. And thank you for flipping that over for him.

So the court having observed the demeanor of the defendant, I'm satisfied with the representations of you, Mr. Schmidt, as well as your counsel, and I'll make the following findings on the record: It's the finding of this court in the case United States versus Schmidt that the defendant is fully competent and capable of entering an informed plea here today.

Further, his plea of guilty is knowing and voluntary and is supported by an independent basis in fact containing the essential elements of the offenses charged as set forth in the factual basis for the plea, which has been entered into the record. The plea, therefore, is accepted and the defendant will be ajudged guilty of the offenses charged in Counts 1 through 16 of the superseding indictment. The plea will be entered into the record at this time.

Before we address a date for sentencing, are there any other issues with respect to the plea that I failed to cover at this time?

MR. MEIER: Nothing from the defense, Judge.

MS. MATTESSICH: No, Your Honor.

THE COURT: Okay. So at this point in time,

Mr. Schmidt, we're going to get a date for your sentencing.

Andrea, can you provide a date and we'll see if it's convenient with everyone.

DEPUTY CLERK: Yes, Your Honor. January 17th, 2019, 10:00 a.m.

THE COURT: All right. January 17th, 2019, at 10:00 a.m., is that convenient for the United States?

MR. JUDD: Yes, Your Honor, I'm sure it will be. I'd anticipate with Mr. Meier that this sentencing may take some time based on the open plea.

THE COURT: Okay.

MR. JUDD: I would -- I suspect they're going to challenge some of the guidelines, and we would have to prove some of the enhancements in the guidelines, so I just want to make the court aware of that for scheduling --

THE COURT: Do we expect testimony?

MR. JUDD: I anticipate him objecting and requiring us to provide testimony, so I would just ask the court to set aside a few hours, anticipating --

DEPUTY CLERK: The whole morning then? I'll block it off.

THE COURT: Okay. You're lucky you're the first on the 17th, so we got the whole morning available. So thank you for that though. We will take that into account on court's calendar.

Mr. Meier, however, is this date and time convenient for you, sir?

MR. MEIER: It is, Judge.

THE COURT: Okay. So we will set the sentencing for January 17th, 2019, at 10:00 a.m., and we will set aside a couple of hours for this to make sure everyone has sufficient time to provide whatever argument and witnesses that they want.

I will reiterate what will be in the order that comes after the plea, which is that I do require a sentencing memorandum, and I expect in this case that that be even more important than it -- than it is in cases where we have a plea agreement, but given that it is an open plea, I'll just reiterate that on the record, that I do expect sentencing memorandum from both parties.

So, Mr. Schmidt, a written presentence report will be prepared by the probation office to assist me in sentencing in your case. You'll be asked to give information for that report. You can choose to have counsel present when that occurs, and I encourage you to talk to your counsel prior to that.

Your counsel and you will have the opportunity to read that report and make objections to it prior to sentencing, and as I just said, your counsel will also have the opportunity to provide written argument in the form of a presentence report in advance of that.

Additionally, at sentencing, you have the opportunity to

speak on your own behalf. And I like to let folks know that that opportunity is there and available to them, should they choose to take it. That will give you the opportunity, if you choose to maybe write something in advance or want to write something down, or just know that I can call on you at that sentencing to speak, if you choose to do so. I will give you an opportunity to look at it in advance, if you want to.

And it's my understanding Mr. Schmidt has been in custody and will remain in custody, unless there's an objection.

MS. MATTESSICH: Yes, Your Honor.

THE COURT: No objection?

MR. MEIER: Yes, that's correct, Judge.

THE COURT: Okay. All right. Is there anything else that we need to handle today?

MS. MATTESSICH: No, Your Honor.

MR. MEIER: No, Judge. Thank you.

THE COURT: Thank you, Mr. Schmidt. We will see you back here in January, and you'll be seeing probation prior to that. Okay?

THE DEFENDANT: Okay.

THE COURT: All right. Thank you everyone.

(Proceedings concluded at 2:41 p.m.)

C E R T I F I C A T E

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

s/Dena Legg
Certified Court Reporter No. 20042A157
Official Court Reporter

May 29, 2019
Date

INDEX

EXHIBITS

GOVERNMENT:
Exhibit 1 - factual basis 23

DEFENDANT:
No exhibits